IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


D. James Phillippi,                    :

          Plaintiff,                   :

     v.                                : Consol. Case Nos. 2:07-cv-0916
                                                           2:07-cv-1001
Jim Phillippi, Inc., et al.,    : JUDGE HOLSCHUH

          Defendants.                  :


ORDER

     These cases are before the Court to consider a motion filed
by Plaintiff-Counter Defendant D. James Phillippi and Counter-
Defendant Deborah Phillippi for an extension of time to respond
to two pending summary judgment motions in order to conduct
additional discovery.  This order will refer to the moving
parties collectively as "Mr. Phillippi."  For the following
reasons, the motion will be denied, and the Court will set the
response date as twenty-one days from the date of this order.

                              I.

     These cases involve a dispute among shareholders of two
corporations, Jim Phillippi, Inc., and J & J Ford, Inc.  D. James
Phillippi has sought, among other relief, discovery of corporate
records which he claims have been improperly withheld from him.
He has also sued for breach of an option agreement that
purportedly entitled him to purchase certain shares of stock.
Defendants have filed two motions for summary judgment on these
claims, asserting that Mr. Phillippi has no right to relief on
the counts of the complaint seeking production of corporate
records (Counts III, IV, and V) because he is able to obtain
those same records through the discovery devices available under

the Federal Rules of Civil Procedure, and that Count I, the claim involving the option agreement, cannot stand because Mr. Phillippi was both present at a director's meeting in 1995 where the agreement was rescinded and voted in favor of that action. The summary judgment motions are accompanied by several corporate documents and an affidavit of Adam Scurti.

Rather than responding to the motions, Mr. Phillippi filed a motion under Fed.R.Civ.P. 56(f). He notes that discovery in the case is far from complete, and that at the time he filed his motion, he had not yet been able to review a significant number of documents which he had requested under Fed.R.Civ.P. 34. He had also not deposed Mr. Scurti. Thus, he asked for more time to respond to the motion. The question is whether the arguments in the motion are sufficiently fact-intensive to justify an extension in order to allow Mr. Phillippi to conduct more discovery.

II.

The Court turns first to the claim for breach of the option agreement. Defendants contend that their motion rests on three key facts: that Mr. Phillippi was present at the pertinent director's meeting held on April 18, 1995; that the directors passed a resolution rescinding the option agreement; and that Mr. Phillippi voted in favor of that resolution. Defendants assert that these and any other facts relating to this issue are within the scope of Mr. Phillippi's own knowledge, and that there is no reason to believe that additional discovery is needed in order for him to make a full response to the motion.

In the reply brief, Mr. Phillippi has altered his request. He has attached an affidavit which refutes the statements in Mr. Scurti's affidavit, and simply asks the Court to allow him to submit that affidavit as a part of his response to the motion. The Court will do so. Consequently, it deems this issue

-2-

resolved.

### III.

The other counts of the complaint which are subject to the motions are claims for discovery of corporate records. Defendants recognize that, under certain circumstances, a corporate shareholder may maintain an independent action to compel the custodian of corporate records to make them available for inspection.  They argue, however, that the Court of Appeals for the Sixth Circuit has held that once a shareholder initiates a civil action and asserts claims that make such records a fair subject of discovery, the shareholder has an adequate remedy at law (i.e. discovery requests propounded under the Federal Rules of Civil Procedure) and no longer needs equitable relief in order to obtain those records.  See Bradshaw v. Thompson, 454 F.2d 75 (1972).

In his motion, Mr. Phillippi contends that he needs additional discovery to respond to this portion of the motions for summary judgment as well.  He contends that the defendants' argument is incorrect and that the Court has already decided this issue by allowing him time after relevant documents are produced to amend his complaint.  He also goes into great detail about the difficulty he has had in getting defendants to produce documents. Defendants, in turn, argue that any delay in obtaining documents is Mr. Phillippi's own fault, because they have been holding approximately one hundred boxes of documents available for inspection and copying since January, but Mr. Phillippi both refuses to agree to pay the cost of copying and has delayed inspecting the documents until he returns to Ohio from wintering in Florida.

Regardless of the status of the document production, and regardless of which party might be at fault for its slow pace, the question before the Court at this time is not whether Mr.

Phillippi has had an adequate opportunity to review corporate
records (and this may have changed since he filed his reply
brief) but whether he needs additional time to conduct discovery
in order to respond to what is essentially a legal argument -
that once a shareholder is in litigation which gives him the
right to pursue corporate records under the applicable discovery
rules, he has no right to maintain an independent cause of action
for discovery of those same records.  The Court does not perceive
how any additional discovery will allow him to make a more
responsive legal argument when the question raised in the motion
does not depend on the extent to which he has actually obtained
those documents.  He can certainly detail, in response to the
motion, any deficiencies in the document production process, and
can argue that if the discovery process is being thwarted by
defendants he should still be allowed to maintain his separate
claim for equitable discovery.  It simply appears that he does
not need more discovery in order to do that, however.

IV.

Based on the foregoing, the motion of Plaintiff-Counter
Defendant D. James Phillippi and Counter-Defendant Deborah
Phillippi (#28) for an extension of time to conduct discovery
prior to responding to the pending summary judgment motions is
denied.  The responses to those motions shall be filed within
twenty-one days of the date of this order.

Any party may, within ten (10) days after this Order is filed,
file and serve on the opposing party a motion for reconsideration
by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R.
Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The
motion must specifically designate the order or part in question
and the basis for any objection.  Responses to objections are due
ten days after objections are filed and replies by the objecting
party are due seven days thereafter.  The District Judge, upon

-4-

consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge