IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


D. James Phillippi,                :

    Plaintiff,             :

  v.                              : Consol. Case Nos. 2:07-cv-0916
                                                          2:07-cv-1001
Jim Phillippi, Inc., et al.,      : JUDGE HOLSCHUH

    Defendants.            :


ORDER


These cases are before the Court to consider a motion made by D. James Phillippi, the plaintiff in Case No. 2:07-cv-0916 and the defendant and counterclaimant in Case No. 2:07-cv-1001 for leave to amend his complaint and his counterclaim. The motion is fully briefed. For the following reasons, the motion will be granted.

I.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the

Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an

amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

II.

According to Mr. Phillippi's motion, and as reflected by the Court's pretrial order, Mr. Phillippi had 120 days from the production of all pertinent corporate records to amend his complaint to assert new claims revealed in those records. He asserts that he has not yet received all such records, and the extent to which those records have or have not been produced will be the subject of a hearing scheduled for April 23, 2009. Nevertheless, based on records which were produced, he has moved for leave to amend.

The original complaint asserted five claims - for breach of an option agreement, for breach of an equipment lease, and three separate claims for discovery and an accounting. The amended complaint and counterclaim assert claims for breach of fiduciary duties, for conversion of funds, for tortious interference with business relationships, for defamation, for unjust enrichment, and for the appointment of a receiver over the business affairs of the two corporations at issue. It does not add any new parties.

In opposing the motion for leave to amend, the other parties to both cases argue that the new claims are based on an incorrect premise. They note that the amended complaint identifies Adam

Scurti as an owner of a company known as Q-S based upon the fact that his name appears on the certificate of incorporation as an incorporator. Because he was not an owner, however, they contend that the amended pleadings do not state a valid claim against him. They do not appear to argue that Mr. Phillippi should not be allowed to assert any of the other claims against any of the other defendants.

In the Court's view, this confusion (if, indeed, there is confusion) about Mr. Scurti's role in Q-S is not sufficient justification to deny the motion. As Mr. Phillippi notes in the reply memorandum, the status of Mr. Scurti is not an essential element of any of the claims asserted in the amended pleadings, except perhaps with respect to his liability on some of those claims. Further, there may be other bases for his alleged liability. Indeed, he is a named defendant in the original pleadings, and they did not rely on this premise. Given that, the better course of action is to permit the amendment, and if Mr. Scurti believes he has a valid 12(b)(6) motion or summary judgment motion to assert, he may do so at the appropriate time.

III.

Based on the foregoing, the motion of D. James Phillippi for leave to amend (#50 in Case No. 2:07-cv-916 and #45 in Case No. 2:07-cv-1001) is granted. The Clerk shall detach and file the amended pleadings attached to those motions.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon

consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge