# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| D. JAMES PHILLIPPI, | : | |
| Plaintiff, | : | Case No. 2:07-cv-916 |
| v. | : | Judge Holschuh |
| JIM PHILLIPPI, INC., et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

_____

| | | |
|---|---|---|
| JIM PHILLIPPI, INC., et al., | : | |
| Plaintiffs, | : | Case No. 2:07-cv-1001 |
| v. | : | Judge Holschuh |
| D. JAMES PHILLIPPI, et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

On May 27, 2009, the Court ordered Plaintiff D. James Phillippi ("Phillippi") to show cause as to why, with respect to his accounting claim against Defendants Jim Phillippi, Inc., et al., Defendants' summary judgment motion should not be granted as unopposed. (Doc. # 84 in 07-cv-916 and # 81 in 07-cv-1001). On June 5, 2009, Phillippi responded as ordered to the substance of Defendants' motion for summary judgment on his accounting claim. Phillippi argues that his equitable accounting claim should remain because his legal remedies are inadequate. For the reasons below, the Court **GRANTS** Defendants' motion for summary

judgment on Phillippi's accounting claim.

**I.      Summary Judgment Standard**[1]

Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules, which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). The summary judgment standard is found in Rule 56(c) of the Federal Rules of Civil Procedure:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(c). Summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right to trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Sys., 368 U.S. 464, 467 (1962) (quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627 (1944)); see also Lansing Dairy, Inc. v. Espy, 39 F.3d 1339, 1347 (6th Cir. 1994).

**II.     Analysis**

In his complaint, Phillippi alleges that "Defendants have failed and refused to make an appropriate accounting on" both Jim Phillippi, Inc. and J & J Ford, Inc. ("Corporate Defendants"). (Am. Compl. ¶¶ 52-53.) Defendants move for summary judgment on Phillippi's accounting claim. According to Defendants, an accounting is an extraordinary equitable remedy that is inappropriate when "an action at law provides the discovery a party needs to establish that

---

[1] The relevant background and procedural history in this case was detailed in the Court's previous memorandum opinion and order (Doc. # 84 in 07-cv-916 and # 81 in 07-cv-1001) and will not be repeated here.

party's claims." (Mot. for Summ. J. 7.) Because Phillippi's legal remedies provide adequate relief, Defendants argue, his accounting claim should be dismissed. Phillippi responds that his accounting claim should remain because his legal remedies are inadequate for a number of reasons. First, Phillippi alleges that Defendants Scurti, Scurti, and Smurda ("Defendant Shareholders")—shareholders and directors of Defendant Corporations—commingled corporate assets and improperly used those assets to pay for personal lawyers and accountants. An accounting is necessary, Phillippi argues, to determine how much corporate money was misused and whether Defendants engaged in criminal conduct. According to Phillippi, an accounting is especially appropriate in light of the fiduciary relationship between Phillippi and Defendant Shareholders. Second, Phillippi alleges that Defendant Corporations have not paid rent on their premises to a third-party landlord. An accounting is necessary, Phillippi argues, to determine how much rent is owed by Defendant Corporations to the landlord. Finally, Phillippi alleges that Defendants owe him wages for services he performed for Defendant Corporations. According to Phillippi, an accounting is necessary to determine how much Phillippi is owed.

"An accounting is a species of disclosure, predicated upon the legal inability of a plaintiff to determine how much, if any, money is due him from another. It is an extraordinary remedy, and like other equitable remedies, is available only when legal remedies are inadequate." Bradshaw v. Thompson, 454 F.2d 75, 79 (6th Cir. 1972); see also Complete Building Show Co. v. Albertson, 99 Ohio St. 11, 16, 121 N.E. 817 (Ohio 1918); Executone of Columbus, Inc. v. Inter-Tel, Inc., 2007 WL 1144866, at *4 (S.D. Ohio Apr. 16, 2007). "[T]he liberal discovery procedures of the Federal Rules operate to make the legal remedies more 'adequate' than before." Bradshaw, 454 F.2d at 79. "In light of the broad discovery available to litigants,

accounting actions are of dubious utility." Digital 2000, Inc. v. Bear Commc'ns, Inc., 130 F. App'x 12, 23 (6th Cir. 2005).

An accounting claim "'must set forth operative facts [that], when construed in the plaintiff's favor, establish a right to the requested relief.'" Davis v. DCB Fin. Corp., 259 F. Supp.2d 664, 674 (S.D. Ohio 2003) (quoting Fontbank, Inc. v. CompuServe, Inc., 138 Ohio App.3d 801, 814, 742 N.E.2d 674 (Ohio Ct. App. 2000)). A bare allegation that the plaintiff is entitled to an accounting without any legal basis is insufficient to state a claim. Id.

In this case, all of Phillippi's arguments in support of his accounting claim fail. First, Phillippi argues that an accounting is necessary to determine how much corporate money has been commingled and misused by Defendant Shareholders to pay for personal lawyers and accountants. This alleged breach of Defendant Shareholders' fiduciary duty, however, is adequately redressed through Phillippi's breach of fiduciary duty claim. (See Am. Compl. ¶¶ 60-61.) Under the Federal Rules of Civil Procedure, in connection with his breach of fiduciary duty claim, Phillippi has a liberal discovery right to determine the extent to which Defendants allegedly commingled and misused corporate funds. See Bradshaw, 454 F.2d at 79. Phillippi alleges that this discovery right is inadequate because Defendants have not cooperated in discovery. According to Phillippi, Defendants have refused to produce an engagement letter and tax forms relevant to his breach of fiduciary duty claim. But if Phillippi is dissatisfied with Defendants' discovery responses, his appropriate remedy is a motion to compel discovery—not an accounting claim. See Digital 2000, Inc., 130 F. App'x at 23 (finding that the plaintiffs' appropriate avenue for redressing the defendant's failure to respond to discovery requests regarding the value of an account was a motion to compel discovery, not an accounting claim).

4

Furthermore, even if the alleged engagement letter is protected from discovery by the attorney-client privilege, as Phillippi suggests may be the case, Phillippi has not alleged, let alone demonstrated, that his legal remedy would be inadequate without it—*i.e.*, his breach of fiduciary duty claim would fail.[2] Phillippi has many discovery tools at his disposal for determining whether and the extent to which Defendants misused corporate funds. In fact, according to Phillippi, he has already elicited testimony demonstrating that "Defendants have already spent approximately $200,000 of corporate funds in this spite action." (Pl.'s Show Cause Resp. to Mot. for Summ. J. 3.)

Finally, contrary to Phillippi's assertion, an accounting claim is not the appropriate mechanism for determining whether Defendants' alleged commingling and misuse of corporate funds was criminal. The accounting claim is designed only to provide disclosure to a plaintiff of how much he or she is owed by another when other legal remedies are inadequate. Bradshaw, 454 F.2d at 79. As explained above, Phillippi's breach of fiduciary duty claim, and the liberal discovery it affords, provides Phillippi an adequate legal remedy for determining whether and the extent to which Defendants commingled and misused corporate assets.

Phillippi argues that his accounting claim is appropriate because a fiduciary relationship exists between himself and Defendant Shareholders. Phillippi is right that Defendant Shareholders—as the majority shareholders in Defendant Corporations—owe him a fiduciary duty. See Crosby v. Beam, 47 Ohio St.3d 105, 108-10, 548 N.E.2d 217 (Ohio 1989) ("Generally, majority shareholders have a fiduciary duty to minority shareholders.").

---

[2] Phillippi argues that Defendants are improperly attempting to shield the engagement letter from discovery under the attorney-client privilege.

5

Furthermore, some courts have held that a plaintiff can maintain an accounting action even though he has an adequate legal remedy if the accounting sought is based on breach of a fiduciary duty. Brdecka v. Gleaner Life Ins. Soc'y, 2002 WL 1949743, at *5 (N.D. Ill. Aug. 23, 2002) (citing Hartigan v. Candy Club, 149 Ill. App.3d 498, 501, 501 N.E.2d 188 (Ill. App. Ct. 1986)). But Phillippi fails to cite, and the Court has not found, a single Ohio case endorsing this position, and creating an exception to the adequate legal remedy rule when the accounting claim is based on an alleged breach of a fiduciary duty. Furthermore, Phillippi has not alleged, let alone provided any evidence, that Defendant Shareholders owe him a duty to account for how and where corporate money is spent. Therefore, despite the fiduciary relationship between Phillippi and Defendant Shareholders, the Court finds that the existence of an adequate legal remedy—Phillippi's breach of fiduciary duty claim—precludes his equitable accounting claim. See Bradshaw, 454 F.2d at 79.

Second, Phillippi argues that an accounting is necessary to determine how much rent is owed by Defendant Corporations to their landlord. An accounting action allows a plaintiff to discover how much money he or she is owed by a defendant, not how much money is owed by the defendant to somebody else. See id. Phillippi does not allege that Defendant Corporations owe him rent on the premises. Therefore, the rent Defendant Corporations allegedly owe to their third-party landlord cannot constitute the basis for Phillippi's accounting claim.

Finally, Phillippi argues that an accounting is necessary to determine how much Defendant Corporations allegedly owe him in wages. Phillippi's complaint and response to Defendants' summary judgment motion are completely devoid, however, of any explanation as to why, without an accounting, Phillippi cannot determine how much he is owed by Defendant

Corporations. Phillippi has not alleged that his wages are so complicated "that only a court of equity can satisfactorily unravel" how much he is owed. Id.; see also Digital 2000, Inc., 130 F. App'x at 23. Absent the operative facts that, when construed in Phillippi's favor, demonstrate his right to an accounting of the alleged back wages, Phillippi's accounting claim fails. See Davis, 259 F. Supp.2d at 674. Moreover, even if Phillippi is owed wages by Defendant Corporations and is incapable of determining how much he is owed, his unjust enrichment claim provides adequate relief. (See Am. Compl. ¶¶ 68-69.) In connection with his unjust enrichment claim, Phillippi is entitled to liberal discovery to determine how much he is allegedly owed by Defendant Corporations. Therefore, Phillippi has not demonstrated that he is entitled to an accounting of his alleged back wages.

## III. Conclusion

As explained above, the existence of an adequate legal remedy in Phillippi's complaint—the breach of fiduciary duty claim—precludes his equitable accounting claim. Moreover, Phillippi fails to allege facts sufficient to show that he is entitled to an accounting of the wages he is allegedly owed by Defendant Corporations. Therefore, the Court **GRANTS** Defendants' motion for summary judgment on Phillippi's accounting claim. (Doc. # 24 in 07-cv-916 and # 18 in 07-cv-1001). This order, along with the Court's previous memorandum opinion and order (Doc. # 84 in 07-cv-916 and # 81 in 07-cv-1001), resolves Defendants' partial summary judgment motion. That motion is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

Date: June 26, 2009         **/s/ John D. Holschuh**
                            John D. Holschuh, Judge
                            United States District Court