# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| D. JAMES PHILLIPPI, | : | |
| Plaintiff, | : | Case No. 2:07-cv-916 |
| v. | : | Judge Holschuh |
| JIM PHILLIPPI, INC., et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

_____

| | | |
|---|---|---|
| JIM PHILLIPPI, INC., et al., | : | |
| Plaintiffs, | : | Case No. 2:07-cv-1001 |
| v. | : | Judge Holschuh |
| D. JAMES PHILLIPPI, et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

In case number 07-cv-1001, Plaintiffs Jim Phillippi, Inc. and J & J Ford, Inc. move to dismiss Defendants D. James and Deborah Phillippi's amended counterclaim against John Smurda, Anthony Scurti, and Adam Scurti (the "Individuals"). Plaintiffs argue that Defendants cannot assert a counterclaim against the Individuals under Rule 13 of the Federal Rules of Civil Procedure because they are not named as plaintiffs in the amended complaint. Defendants respond that a counterclaim can be asserted against the Individuals even though they are not plaintiffs in this case. The Court agrees with Plaintiffs, and **GRANTS** the motion to dismiss.

Rule 13 provides that a counterclaim can be filed against an "opposing party." FED. R. CIV. P. 13(a). "An opposing party is one who asserts a claim against the prospective counterclaimant in the first instance." Augustin v. Mughal, 521 F.2d 1215, 1216 (8th Cir. 1975). Counterclaims cannot be filed against non-parties to a lawsuit. Cincinnati Milacron Indus., Inc. v. Aqua Dyne, Inc., 592 F. Supp. 1113, 1115 (S.D. Ohio 1984); Chemetron Corp. v. Cervantes, 92 F.R.D. 26, 28 (D.P.R. 1981).

In this case, the Individuals are not opposing parties. See FED. R. CIV. P. 13(a). In fact, they are not parties to this lawsuit at all. The operative complaint is the First Amended Complaint of Plaintiffs Jim Phillippi, Inc. and J & J Ford, Inc. (Doc. # 12). The Individuals are not named plaintiffs in that complaint; they have not asserted any claims against Defendants. Therefore, Defendants cannot assert a counterclaim against the Individuals. See Cincinnati Milacron, 592 F. Supp. at 1115; Chemetron Corp., 92 F.R.D. at 28.

None of the cases cited by Defendants support their proposition that a counterclaim can be asserted against the Individuals even though they are not opposing parties. Defendants' citation to the Ohio Supreme Court's decision in Miller & Co. v. Florer is particularly misguided. 15 Ohio St. 148 (Ohio 1864). That 1864 case relates to a setoff claim, and has nothing to do with counterclaims under Rule 13. See id. To suggest that Florer stands for the proposition that under Rule 13, counterclaims can be asserted in federal court against non-parties is an inexcusable misrepresentation.

Because the Individuals are not parties in this case, and counterclaims can only be filed against opposing parties under Rule 13, Defendants cannot assert a counterclaim against the Individuals. Therefore, the Court **GRANTS** Plaintiffs' motion to dismiss Defendants' Amended

Counterclaim with respect to the Individuals. (Doc. # 68).

**IT IS SO ORDERED.**

Date: June 30, 2009                         **/s/ John D. Holschuh**
                                            John D. Holschuh, Judge
                                            United States District Court

3